UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jose Luis ESCAMILLA-Romero,<br><br>Defendant | Magistrate Docket No.<br><br>'08 MJ 1 2 2 1<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation |

The undersigned complainant, being duly sworn, states:

On or about **April 19, 2008** within the Southern District of California, defendant, **Jose Luis ESCAMILLA-Romero,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** attempted to enter the United States with the purpose, i.e. conscious desire, to enter the United States at or near the San Ysidro, California Port of Entry, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 21st of APRIL, 2008

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Jose Luis ESCAMILLA-Romero

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On April 19, 2008, at approximately 12:30 A.M., Border Patrol Agent D. Vargas was performing line watch duties in the Imperial Beach Area of Operations. While working line watch duties, Agent Vargas responded to an infrared night vision scope, which is manned by National Guard. The infrared scope observed two individual running north towards an area commonly known as "24 Draw". "24 Draw" is approximately two an a half miles west of the San Ysidro, California, Port of Entry and five hundred yards north of the United States/Mexico International Boundary Fence.

Agent Vargas responded to the area, while the infrared scope maintained constant surveillance of the two individuals making their way down the "24 Draw". When Agent Vargas arrived at the area, the two individuals had lied down in an effort to conceal themselves. The National Guard Unit which manned the infrared scope guided Agent Vargas into the location of the two individuals and after a brief search, Agent Vargas found them scattered in dense brush, in an attempt to conceal themselves. Agent Vargas identified himself as a United States Border Patrol Agent and quickly ordered the individuals to raise their hands above their head and to kneel. Both of the individuals complied with his verbal commands. Due to the close proximity to the United States/Mexico international Boundary fence, and the fact that this area is used by alien smuggling organizations to smuggle undocumented aliens and frequently used by undocumented aliens to further their entry into the United States, Agent Vargas began to conduct an immigration inspection on each of the two individuals. Both of the individuals including one later identified as defendant Jose Luis ESCAMILLA-Romero, admitted to being a citizen and national of Mexico, illegally in the United States. The other individual also stated that he did not possess any documents that would allow him to legally enter or remain in the United States. At approximately 12:35 A.M, Agent Vargas placed both individuals under arrest and transported them to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on April 7, 2008** through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Warnings and was willing to make a statement without an attorney present. The defendant freely admitted to being illegally present in the United States without the proper documentation. He further stated he did not request permission from the Attorney General to enter the United States, and was able to confirm his criminal history.

Executed on April 20, 2008 at 10:00 a.m.

Irene S. Aguirre
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **April 19, 2008**, in violation of Title 8, United States Code, Section 1326.

4/20/08 @ 12:45 p.m.
Date/Time

Jan M. Adler
United States Magistrate Judge